UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 09-CR-00027 |
| MARTIN GONZALES-RIOS | |

## RULING AND ORDER

This matter is before the Court on motion by Defendant, Martin Gonzales-Rios, for reconsideration of sentencing issued on September 1, 2009 by this Court. Defendant petitions this Court for re-sentencing under the Fast-Track[1] program implemented on March 30, 2012 (doc. 21). The United States of America opposes the motion (doc. 24).

## BACKGROUND

On March 12, 2009, the Defendant was indicted for illegal re-entry by a deported alien, in violation of 8 U.S.C. §1326 (doc. 1). On September 1, 2009, Judge Ralph E. Tyson sentenced the Defendant to 57 months imprisonment (doc. 18). Judgment was entered in the case on September 28, 2009 (doc. 19). On June 1, 2012, Defendant filed a Motion for Reconsideration seeking a sentence reduction under the Fast-Track policy (doc. 21). At the time of Defendant's sentencing, the Fast-Track program was not available to offenders in the Middle District of Louisiana, and Defendant was not entitled to a

---

[1] Fast-Track programs, initially established in federal judicial districts along the southwestern United States, are intended to efficiently respond to the large number of immigration cases. *United States v. Melendez-Torres*, 420 F.3d 45, 52 (1st Cir.2005). Such programs offer defendants a sentence reduction in exchange for the waiver of certain procedural rights. *Id.*

1

downward departure in sentencing in exchange for a guilty plea and waiver of certain rights.[2]

## LAW AND DISCUSSION

The Federal Rules of Criminal Procedure permit the re-sentencing of a defendant in very limited circumstances. However, Defendant is not entitled to a modification of his sentence under any of the available provisions of the rules.

Re-sentencing of a prisoner under 18 U.S.C. § 3582(b) may be: (1) modified pursuant to the provisions of § 3582(c), or (2) corrected pursuant to Federal Rules of Criminal Procedure Rule 35. Neither of these provisions, nor any other prevailing provisions, apply in Defendant's case. Defendant's sentence was reasonable and within the guideline range for illegal re-entry by a deported alien.

### I.     Re-Sentencing Under 18 U.S.C.§ 3582(c)

Under § 3582(c), "a court may not modify a term of imprisonment once it has been imposed, except" in limited circumstances. First, a sentence may be modified for extraordinary and compelling reasons by motion by the Director of the Bureau of Prisons or where the defendant is at least 70 years of age and determined by the Director of the Bureau of Prisons to not be a danger. 18 U.S.C. § 3582(c)(1)(A). Neither of these conditions are present here.

Second, under 18 U.S.C. § 3582(c)(1)(B), the "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of

---

[2] At the time of defendant's sentencing in 2009, only 15 districts were authorized by the Attorney General to implement a Fast-Track program. On January 31, 2012, the initiative was expanded to include all districts, including the Middle District of Louisiana.

Federal Rules of Criminal Procedure."[3] Here, the Defendant is not statutorily entitled to a modification in sentencing, as there exists no statute which permits modification of his existing sentence based on the subsequent adoption of a Fast-Track program. Congress recognized the authority of the Attorney General to determine which districts would have fast track programs. *See, United States v. Martinez-Flores*, 428 F.3d 22, 25 (1st Cir. 2005).

Further, Defendant's sentencing is not entitled to reconsideration by reason of the Court's failure to consider sentencing disparities among defendants in districts with Fast-Track programs. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The Fifth Circuit has concluded that a defendant's sentence is not rendered unreasonable by a sentencing court's refusal to consider the sentencing disparity among defendants in districts with Fast-Track programs and those without such programs. *Id.* ("The refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable...Congress must have thought the disparity warranted when it authorized early disposition programs without altering § 3553(a)(6)."). *Accord, United States v. Gomez-Herrera*, 523 F.3d 554,564 (5th Cir. 2008); *United States v. Gonzalez-Zotello*, 556 F.3d 736 (9th Cir. 2009); *United States v. Vega-Castillo*, 540 F.3d 1235, 1238-39 (11th Cir. 2008). Overall, the Fifth Circuit has consistently found that district courts are not required to consider sentencing disparities caused by Fast-Track programs (or early disposition programs). *Gomez-Herrera*, 523 F.3d at 558 n.1. Thus, neither statute nor Fifth Circuit jurisprudence require a district court to

---

[3] *See* discussion *infra* of modification of sentencing under Rule 35 under subheading II, p. 4

consider sentencing disparities among districts caused by the lack of a Fast-Track program or to reconsider an existing sentence due to same.

Finally, under § 3582(c)(2), a defendant's term of imprisonment may be lowered based on a subsequent reduction in guidelines by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). However, no amendments to the sentencing guidelines for illegal entry after deportation[4] have been enacted.

II. **Sentencing Modification Pursuant to Federal Rule of Criminal Procedure 35.**

Fed. R. Crim. P. 35(a) provides that a sentence may be corrected within 14 days after sentencing if the sentencing error was the result of arithmetical, technical, or clear error. Additionally, based on a motion by the Government, Fed. R. Crim. P. 35(b) affords a possible reduction in sentencing for substantial assistance in investigations or prosecutions other persons.

Here, Defendant's 14 day window for a correction of sentencing based on error has long expired. More importantly, Defendant makes no claims of error such as to justify a sentencing modification under Rule 35(a).

Moreover, the record is devoid of any motion by the Government that suggests that substantial assistance was rendered by the Defendant. Accordingly, Rule 35(b) provides no relief to Defendant.

---

[4] Guidelines Manual Section 2L1.2

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Consideration (doc. 21) is **DENIED**.

Baton Rouge, Louisiana, on September 5, 2012.

											_____
											BRIAN A. JACKSON CHIEF JUDGE
											UNITED STATES DISTRICT COURT
											MIDDLE DISTRICT OF LOUISIANA